IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-030 |
| | * | |
| JONAH ROBERT SCHAFNER | * | |

**O R D E R**

Defendant Jonah Robert Schafner was sentenced in this case to serve 38 months imprisonment upon his conviction for escape. On February 21, 2024, the Court reduced his prison term to 35 months based upon Amendment 821 to the United States Sentencing Guidelines, which had become effective on November 1, 2023, and made retroactive by the Sentencing Commission. On that same date, the Court reduced Defendant's prison term in his other federal case, Case Number 1:20-CR-091, from 108 months to 91 months. The other federal case involves convictions for possession of firearms by a prohibited person. These federal sentences are to be served consecutively.

On October 16, 2025, the Court received two letters written by Defendant, both of which were only filed in this case and not the firearms-related case. The first letter seeks another sentence reduction based upon the upcoming amendments to the Sentencing Guidelines. The second letter seeks a sentence reduction based

upon the hardships that Defendant has faced in federal prison, his family circumstances, and his rehabilitation. Essentially, the second letter rings of a compassionate release entreaty.

A district court may modify a sentence once it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) is only triggered, however, by an amendment listed in U.S.S.G. § 1B1.10(d). The forthcoming guideline amendments, which will become effective on November 1, 2025, are not listed amendments under U.S.S.G. § 1B1.10(d). Consequently, Defendant is not entitled to a sentence reduction, and his motion to reduce (i.e., his letter dated October 8, 2025) (doc. 28) is **DENIED.**

With respect to his second letter, a defendant may bring a motion for compassionate release "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In this case, Defendant has not produced any evidence that he has exhausted his administrative remedies. The exhaustion requirement is important because the Bureau of Prisons is generally better positioned to assess an individual inmate's present circumstances. For this reason, the Court will not consider Defendant's entreaty for compassionate release; his

motion to reduce (i.e., his letter dated October 13, 2025) (doc. 29) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of October, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3